**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barry Northcross Patterson,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>N. Nelson, et al.,<br><br>　　　　Defendants. | No. CV-04-0603-PHX-PGR<br><br>ORDER |

　　　The Court dismissed the remaining portion of this action pursuant to 42 U.S.C. § 1997e(a) on March 31, 2006; it entered its judgment of dismissal (doc. #38) that same day. The plaintiff's pending Motion to Reconsider (doc. #39) was formally filed with the Court on April 6, 2006, and the plaintiff's Notice of Appeal (doc. #40) from the judgment was formally filed with the Court on April 18, 2006.

　　　Having considered the Motion to Reconsider[1], the Court finds that the motion should be denied.[2] The motion does not present the Court with newly

---

[1] The Court concludes that it has jurisdiction to resolve the Motion to Reconsider notwithstanding the subsequent filing of the Notice of Appeal. See Fed.R.App.P. 4(a)(4)(B)(i).

[2] It is not clear to the Court whether the Motion to Reconsider should be construed as a motion pursuant to Fed.R.Civ.P. 59(e) or one pursuant to Fed.R.Civ.P. 60(b) because the Court cannot tell from the motion exactly when the plaintiff submitted the motion to the prison staff for mailing to the Court. See American Ironworks & Erectors, Inc. v. North American Construction Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) (A motion for reconsideration is treated as a Rule 59(e) motion if filed within ten days of the entry of judgment, otherwise it is treated as a Rule 60(b) motion). See also, Schroeder v. McDonald, 55 F.3d 454, 459 (9th Cir. 1995) (Prison
(continued...)

1  discovered evidence, establish that there has been an intervening change in the
2  controlling law, or persuade the Court that its order of dismissal was clearly
3  erroneous or manifestly unjust as a matter of law, <u>School District No. 1J,</u>
4  <u>Multnomah County v. AcandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert.*
5  *denied*, 512 U.S. 1236 (1994) (pertaining to Rule 59(e) motions), and it in effect
6  merely reiterates arguments that the plaintiff has already presented to the Court.
7  <u>Maraziti v. Thorpe</u>, 52 F.3d 252, 255 (9th Cir. 1995) (pertaining to Rule 60(b)
8  motions).  Therefore,

9      IT IS ORDERED that the plaintiff's Motion to Reconsider (doc. #39) is
10  denied.

11      DATED this 22nd day of May, 2006.

                    Paul G. Rosenblatt
                    United States District Judge

---

27     $^{2}$(...continued)
28  "mailbox rule" applies to Rule 59(e) motions.)  The Court need not resolve the issue because the motion is not meritorious under either rule.

- 2 -